# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-10284-ODW (SK) | Date | January 13, 2020 |
| Title | Jesus Garcia Tamayo v. City of Glendale et al. | | |

Present: The Honorable  Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **SCREENING ORDER**[1]

Plaintiff is a pro se litigant (not in custody) who seeks to proceed in forma pauperis with a civil rights complaint arising from his July 2016 arrest and subsequent criminal prosecution. (ECF 1 at 13). Plaintiff claims that after he called 911 about a death threat he received, Glendale police officers arrived at his home to check on him, interrogated and searched him, planted narcotics on him, and eventually arrested and charged him with public intoxication and possession of illegal substances. (*Id.* at 13-14). Plaintiff was later acquitted of all charges. (*Id.* at 15). He has now filed a discursive civil rights complaint against 21 Defendants—including the City of Glendale, Los Angeles City and County, various Glendale police officers, Los Angeles city attorneys, public defenders, court clerks, and a state court judge—alleging 67 causes of action. (*Id.* at 1-4). But because Plaintiff wishes to proceed in forma pauperis, the Court must screen his complaint to determine whether, among other things, it states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). As currently pled, Plaintiff's complaint does not survive this screening standard.

To begin with, the complaint violates the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," so that Defendants are given fair notice of what the claim is and the grounds on which it rests. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks omitted). To state a claim on which relief may be granted, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But the 88-page complaint here lists 67 causes of action by parroting general elements of federal and state law claims without any supporting facts. Plaintiff fails to

---

[1] This order is non-dispositive, so it is not immediately appealable. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *McKeever v. Block*, 932 F.2d 795, 799 (9th Cir. 1991). If Plaintiff believes this order is dispositive, he must object to the order within 14 days. *See* Fed. R. Civ. P. 72(a), (b); L.R. 72–2.1; *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 & n.1 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-10284-ODW (SK) | Date | January 13, 2020 |
|---|---|---|---|
| Title | Jesus Garcia Tamayo v. City of Glendale et al. | | |

allege the basic who, what, when, where, and why of his claims against Defendants. The complaint does not even mention any Defendants by name in the facts section. (*See* ECF 1 at 12-16). Nor can this Court discern what reason Plaintiff has for suing his public defenders, a state court judge, or a court clerk, all of whom will almost certainly be insulated by legal immunity. *See, e.g., Tower v. Glover*, 467 U.S. 914, 920 (1984); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). And Plaintiff has alleged no facts suggesting that the City of Glendale or the County and City of Los Angeles had a widespread policy, custom, or practice that violated his constitutional rights. *See Oviatt ex rel. Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (discussing requirements for suing municipality entities properly). In short, Plaintiff's complaint, as currently pled, fails to state a claim on which relief may be granted. *See Gottschalk v. City & Cty. of San Francisco*, 964 F. Supp. 2d 1147, 1156 (N.D. Cal. 2013) (dismissing action because Plaintiff failed to clarify which claims were brought against which Defendants and articulate a factual basis for any of her claims; these deficiencies ran "afoul of the requirements of both Rule 8(a) and Rule 12(b)(6), particularly in light of *Twombly* and *Iqbal*.").

But even if Plaintiff had complied with Rule 8's pleading requirements, over half of the alleged causes of causes of action asserted in his complaint are without merit because they are based on federal and state criminal statutes that do not give rise to civil liability. (*See* ECF 1 at 2). Criminal provisions that provide no basis for civil liability do not create a civil cause of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Keyter v. McCain*, 207 Fed. App'x 801, 802 (9th Cir. 2006) (dismissal of claims "based on federal criminal statutes because statutes that provide for punishment by fine or imprisonment do not create privately enforceable rights or give rise to civil liability."). So the numerous claims based on federal and state criminal statutes in Plaintiff's complaint—even if they had factual allegations to support them—would be subject to dismissal.

And while it appears that the Complaint could have stated cognizable claims for malicious prosecution and false arrest under 42 U.S.C. §1983 against the Glendale police officers in their individual capacities, *see Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *Caldwell v. City & County of San Francisco*, 889 F.3d 1105, 1116 (9th Cir. 2018); *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001), these claims are in any event untimely. The events alleged in Plaintiff's complaint occurred between July 2016 (when Plaintiff was arrested) and November 2017 (when Plaintiff was acquitted of all charges). (ECF 1 at 13-14). So Plaintiff had to bring any claims alleging constitutional violations based on these events within two years. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (section 1983 suit in California federal court has two-year statute of limitations). But Plaintiff did not file this action until December 2019, more than two years after he had been acquitted of all charges. As a result, any viable § 1983 claims asserted in Plaintiff's complaint are time-barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-10284-ODW (SK) | Date | January 13, 2020 |
|---|---|---|---|
| Title | Jesus Garcia Tamayo v. City of Glendale et al. | | |

Finally, without any actionable federal claims to address, the Court should not exercise supplemental jurisdiction over any cognizable state law claims Plaintiff may have. *See* 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). He can always sue for those state law claims in state court.

* * * * * * * * *

For all these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **January 27, 2020**, why his in forma pauperis application should not be denied and this action dismissed because of the legal and factual deficiencies outlined above. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii). If Plaintiff cannot cure these deficiencies, he may voluntarily dismiss this action without prejudice using the attached form CV-09. Alternatively, Plaintiff may file a First Amended Complaint curing all these deficiencies and meeting the pleading requirements of Rules 8 and 12(b)(6).

**WARNINGS**: If Plaintiff fails to take one of these actions on time, this action may be dismissed involuntarily in its entirety for failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 41-1. If Plaintiff files either an amended complaint that does *not* cure the deficiencies described in this order or a response standing on the original complaint as alleged, the Court will recommend that claims and Defendants be dismissed *without leave to amend* consistent with this order.